UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN HOWARD SHEETS,

        Plaintiff,                        Civil Action No. 14-11286
                                                Honorable Nancy G. Edmunds
v.                                             Magistrate Judge David R. Grand

COUNTY OF WAYNE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT [1]
AND DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [13] AS MOOT**

**I.     FACTUAL AND PROCEDURAL HISTORY**

This is a prisoner civil rights case filed by plaintiff Dustin Sheets ("Sheets") on March 28, 2014. [1]. In short, Sheets alleges that on September 22, 2011, while he was incarcerated at the Wayne County Jail (Dickerson Facility), he fell in the shower "suffering injury." [*Id.* at ¶11]. He alleges the he "repeatedly notified Defendants,[1] who did nothing." [*Id.* at ¶12]. He claims

---

[1] The caption of Sheets's complaint lists as defendants the County of Wayne, Sheriff Benny Napoleon, and 20 other prison officials (most of whom appear to be deputies and/or nurses). However, Sheets only accomplished service on defendants Wayne County and Sheriff Napoleon. More importantly, other than a reference to defendants Napoleon's and Gilbert's residency [1 at ¶¶5-6] and the title of a cause of action referencing Napoleon [1 at 5], the complaint's only specific mention of any particular individual defendant is in its caption. In other words, the complaint fails to describe any specific conduct by any specific defendant. This does not adequately plead claims of constitutional violations. *See Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) (finding dismissal proper where "the complaint contained no specific allegations" regarding particular defendants, and thus was "without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing a *pro se* plaintiff's complaint for failing to allege "specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights"); *Griffin v. Montgomery*, 238 F.3d 421 (6th Cir. 2000) (affirming a district court's dismissal of a *pro se* plaintiff's complaint "because he did not allege personal involvement by either of these defendants in the alleged

that one week later he was sent for an x-ray, which revealed a broken hand that required surgery. Sheets claims that "Defendants denied [Sheets's] access to medical care," but as discussed in footnote 1, does not say exactly how or when any defendant engaged in any wrongdoing. The complaint contains claims against all defendants for violations of his Eighth and Fourteenth Amendment rights to the United States Constitution (Count I), a claim against Defendants Wayne County and Sheriff Napoleon that they failed to adequately train jail personnel and have a policy, custom and practice of failing to provide such training (Count II), a claim against all individual defendants that they failed "to provide him with appropriate and reasonable medical care" in violation of an unspecified constitutional right (Count III), and a state law claim of "gross negligence" for failing "to provide him with appropriate and reasonable medical care" (Count IV).[2]

On February 3, 2015, the case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. [14].[3] On February 2, 2015, defendants Wayne County and Wayne County Sheriff Benny Napoleon (hereinafter collectively "defendants") filed a motion for summary judgment.[4] [13]. By April 1, 2015, Sheets still had not responded to defendants' motion, and on that date this Court issued an order to show cause advising Sheets that his response to defendants' motion must be filed on or before April 20, 2015, or in the alternative, he would have to show cause as to why the Court should not recommend that his complaint be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). [15]. Sheets was specifically

---

denial of his rights").

[2] The Court has already entered an order dismissing Count IV without prejudice. [4].

[3] Previously, this action had been assigned to a different magistrate judge. That magistrate judge issued a scheduling order which set January 5, 2015, as the close of discovery, and February 4, 2015, as the deadline for submitting dispositive motions. [10].

[4] As Sheets did not serve the other twenty defendants, they are not parties to this motion.

2

informed that, **"[f]ailure to timely or adequately respond in writing to this order to show cause, or to timely file a response to defendants' motion, may result in a recommendation that defendants' motion be granted and/or that plaintiff's action be dismissed under Fed. R. Civ. P. 41(b)."** [*Id.*] (Emphasis added). A review of the docket indicates that Sheets has neither responded in writing to the Court's April 1, 2015 order, nor filed a response to defendants' motion.[5]

## II.   ANALYSIS

### A.   Sheets's Complaint Against Defendants Wayne County and Sheriff Benny Napoleon Should be Dismissed Pursuant to Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "[n]either the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

---

[5] The Court's April 1, 2015 order (which was served on Sheets by mail) has not been returned to the Court as undeliverable.

relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court warned Sheets that his case would be dismissed if he failed to file a response to defendants' motion for summary judgment or respond to the Court's April 1, 2015 order. [15]. Yet Sheets still failed to respond, meaning that the first and third factors weigh in favor of dismissal.[6] As to the second factor, defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Sheet's apparent abandonment of his claims.

---

[6] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 U.S. Dist. LEXIS 41428, at *12 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* at *12-13.

4

Finally, given Sheet's failure to file a response as ordered,[7] the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

Furthermore, while the Court is mindful of the fact that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant," *White v. Bouchard*, 2008 U.S. Dist. LEXIS 41428, at *14 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), dismissal is, nevertheless, "appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 U.S. Dist. LEXIS 41428, at *14 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Sheets has "engaged in a clear pattern of delay" by failing to comply with an order of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, Sheets's complaint should be dismissed as to defendants Wayne County and Sheriff Benny Napoleon. *See* Fed. R. Civ. P. 41(b).

**B. Counts I and III of Plaintiff's Complaint Against the Non-Moving Defendants Should be Dismissed**

The Court also recommends dismissing Counts I and III of Sheets's complaint against the non-moving defendants. First, as noted above, Sheets's complaint does not make any specific allegations as to any of these defendants, and is ripe for dismissal on that basis alone. *See supra* fn. 1. Moreover, both Counts I and III, which allege, generally, that the non-moving defendants violated Sheets's constitutional rights by either denying him "medical attention to a serious

---

[7] In fact, after filing his complaint on March 28, 2014, with the exception of his initial counsel's motion to withdraw [6], Sheets has not filed any subsequent pleadings or otherwise indicated a desire to continue pursuing this lawsuit.

medical need in a reasonably foreseeable time" or failing "to provide [Sheets] with appropriate and reasonable medical care," sound in negligence, as Sheets admits he did receive treatment. These claims should be dismissed under 28 U.S.C. §1915A because they are not cognizable under section 1983.

The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Sixth Circuit has succinctly explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

*Broyles v. Corr. Medical Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted). The requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than

6

negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The *Comstock* court further explained:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.' Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'

*Id.* (internal citations omitted).

Here, because Sheets's allegations in Counts I and III of his complaint sound in negligence, those claims should be dismissed as against all of the non-moving defendants.

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that the remaining claims in Sheets' complaint **[1]** be **DISMISSED.** The Court also **RECOMMENDS** that Defendants Wayne County and Sheriff Benny Napoleon's motion for summary judgment **[13]** be **DENIED** as **MOOT**.

Dated: April 29, 2015         s/David R. Grand
Ann Arbor, Michigan        DAVID R. GRAND
       United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th

Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2015.

        s/Eddrey O. Butts
        EDDREY O. BUTTS
        Case Manager